## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

MARIA LOCKWOOD §
§
V. § CIVIL ACTION NO. 4:25-CV-1067-P
§
MILWOOD BEHAVIORAL §
HOSPITAL, ET AL. §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

On December 5, 2025, *pro se* Plaintiff Maria Lockwood ("Plaintiff") filed her Amended Complaint [doc. 15]. Having reviewed Plaintiff's Amended Complaint, the Court **RECOMMENDS** that the case be **DISMISSED** as this case was improperly filed in this Court. As set forth below, this Court does not have subject-matter jurisdiction to hear this case because the requirements for diversity jurisdiction are not met and Plaintiff has not plead a federal question claim against Defendants.

Plaintiff states that this Court has jurisdiction because of federal question subject-matter jurisdiction. (*See* Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 3.) In her Amended Complaint, Plaintiff alleges that she was assaulted at work by a coworker and that her employer did not punish the other employee. (*See* Pl.,'s Am. Compl. at 3.) She also alleges that, as a result of the assault, she resigned her position. (Pl.,'s Am. Compl. at 4 ("Due to workplace violence it caused me [illegible] to resigned").) Plaintiff appears to be bringing claims against her former employer and coworkers based on this assault and subsequent loss of income resulting from her no longer being employed. (*See* Pl.,'s Am. Compl. at 4.)

This Court must be careful not to exercise jurisdiction where no basis for it exists. *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 356 F. Supp. 3d 612, 615 (N.D. Tex. 2019). Even if no party were to contest subject-matter jurisdiction, this Court must raise the issue

1

*sua sponte*.  *Id.*; Fed. R. Civ. P. 12(h)(3).  The party asserting federal jurisdiction, "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Diversity jurisdiction over civil claims exists when "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" is between "citizens of different States."  28 U.S.C. § 1332(a).

As set forth above, Plaintiff states that this Court has jurisdiction because of federal question subject-matter jurisdiction.  (*See* Pl.,'s Am. Compl. at 3.)  However, based on her Amended Complaint, Plaintiff is only asserting state law claims stemming from the assault by her coworker.  (*See* Pl.'s Am. Compl. at 1-4.)  Such state law claims, however, do not support federal question jurisdiction.  *See Pearlman v. City of Fort Worth, Tex.*, 400 Fed. Appx. 956, 958 (5th Cir. 2010) (noting that "state law claims" include "false arrest and false imprisonment, intentional infliction of emotional distress, and assault and battery").  As to diversity jurisdiction, the amount in controversy is not met and Plaintiff does not allege the citizenship of any Defendant. (*See* Pl.'s Am. Compl. at 3-4 (stating that she is requesting $40,000 in damages and leaving the citizenship section of the form amended complaint blank).)  Consequently, the Court finds and concludes that neither federal-question nor diversity jurisdiction exists, and the case should be dismissed.

Based on the foregoing, it is **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE.**

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR.   The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 9, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 26, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE